UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERNESTO RODRIGUEZ,

                Plaintiff,

-against-

NEW YORK CITY HOUSING AUTHORITY,

                Defendant.

25-CV-3766 (LTS)

ORDER DIRECTING PAYMENT OF FEE OR AMENDED IFP APPLICATION

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff brings this action *pro se*. To proceed with a civil action in this Court, a plaintiff must either pay $405.00 in fees – a $350.00 filing fee plus a $55.00 administrative fee – or, to request authorization to proceed without prepayment of fees, submit a signed IFP application. *See* 28 U.S.C. §§ 1914, 1915.

    Plaintiff submitted an IFP application, but his responses are insufficient to establish that he is unable to pay the filing fees. (*See* ECF 2.) Plaintiff states that he is currently unemployed, but he does not answer the questions on the application asking him to provide his last date of employment and his gross monthly wages at that time. He checks a box on the form to indicate that he receives income from a pension, annuity, or life insurance plan, but he does not answer the question asking him to indicate the amount of income he receives from this source. He leaves blank the remaining questions on the application relating to his sources of income. Plaintiff states that he has either $20,000 or $30,000 in cash or a checking or savings account.[1] He does not answer the question asking him to list his personal property and its value. Plaintiff states that he supports one person and that he has $2,400 in monthly expenses - $1,850 in rent and a $550.00

---

[1] The handwritten response looks like Plaintiff originally wrote "$20,000.00" and then changed it to "$30,000.00." (*See* ECF 2, at 2.)

car payment. Finally, Plaintiff does not answer the question asking him if he has any debts or other financial obligations. Although Plaintiff appears to have more than enough money in cash or a bank account to pay the filing fees, because he does not answer most of the questions on the IFP application, the Court is unable to make a conclusive determination of his ability to afford the fees at this time.

Accordingly, within 30 days of the date of this order, Plaintiff must either pay the $405.00 in fees or submit an amended IFP application. If Plaintiff submits the amended IFP application, it should be labeled with docket number 25-CV-3766 (LTS), and Plaintiff should address the deficiencies described above by answering all applicable questions on the application form and providing facts to establish that he is unable to pay the filing fees. If the Court grants the amended IFP application, Plaintiff will be permitted to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a)(1).

No summons shall issue at this time. If Plaintiff complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

3

*Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated: May 9, 2025
       New York, New York

                                         /s/ Laura Taylor Swain
                                         LAURA TAYLOR SWAIN
                                         Chief United States District Judge